No. 15,729.

HOULTON v. PROSSER.
(194 P. [2d] 911)

Decided June 7, 1948.

Messrs. Groves & Banks, for plaintiff in error.

Messrs. Adams & Heckman, Mr. Amos L. Raso, for defendant in error.

*En Banc.*

Mr. Justice Hays delivered the opinion of the court.

Since the parties to this action appear here in the same position as in the trial court, we will refer to them as plaintiff and defendant.

The record discloses that plantiff, a single man, and defendant, a married woman, unlawfully cohabited as husband and wife continuously from 1939 to December 1, 1944, with the exception of a brief period not here material. In September, 1944, a home was purchased in Grand Junction and title thereto was taken in joint tenancy in the names of Ralph Houlton and Mildred Houlton. October 18, 1944, defendant brought suit against Claude L. Prosser, for divorce, the expenses of which proceeding were paid by plaintiff herein, and an interlocutory decree was entered March 16, 1945, in favor of the defendant. Shortly thereafter differences arose between the parties, and as a result, the present action was instituted June 27, 1945, to have defendant's title in said home property declared to be held in trust for plaintiff and that she be ordered to convey the same to him. It was alleged in the complaint that the entire purchase

price of the property was paid by plaintiff; that it was not intended that the deed should operate as a conveyance of any present interest in the property to defendant; and that defendant had promised to convey to plaintiff when requested. It was alleged in the answer, inter alia, that at the time of said conveyence, and for several years prior thereto, plaintiff and defendant were living together as man and wife in meretricious relationship; that such relationship thereafter continued until a short time before the commencement of this action; and that during all of such time the plaintiff well knew that defendant was the wife of Claude L. Prosser. Plaintiff in his brief admits the illicit relationship between himself and defendant, but contends that such was incidental to, and not a part of, the consideration of the deed.

The trial court found that defendant was entitled to an interest in the property by reason of her services rendered, and, "that at least a part of the consideration for the conveyance jointly to plaintiff and defendant, was the illicit relationship which had existed in the past and which plaintiff expected to continue in the future." Judgment was entered in favor of defendant, which judgment is here for review on writ of error. As grounds for reversal plaintiff in error specifies six points, the gist of which is that the judgment is contrary to law and the evidence.

Under the circumstances hereinabove set out, plaintiff is not in a position to invoke the aid of a court of equity in his effort to obtain a conveyance of defendant's interest in the property to himself. It is the general rule that in situations, such as is presented in the instant case, the parties will be left in the position in which they have placed themselves. *Otte v. Pierce*, 118 Colo. 123, 194 P. (2d) 331.

The trial court's finding that, "a part of the consideration for the conveyance jointly to plaintiff and defendant," of the property in question was the unlaw-

ful cohabitation and illicit relationship existing between the parties is based upon ample evidence and will not be disturbed.

The judgment is accordingly affirmed.